# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MANDI FULLER,

    Plaintiff,

v.                                                        Case No. 1:25-CV-473

UNITED STATES OF AMERICA,

    Defendant.

## COMPLAINT FOR DAMAGES CAUSED BY NEGLIGENCE

Plaintiff Mandi Fuller, by and through counsel, Fine Law Firm (Joseph M. Fine, Charlotte L. Itoh and James Johnson), respectfully states as follows for her complaint.

### *Parties, Jurisdiction, and Venue*

1. Plaintiff Mandi Fuller (Lt. Col., USSF) is a citizen of the State of Florida.

2. At all material times, Kyle Coffey, the driver of the Chevrolet Silverado described below, was an employee of the federal government acting within the scope of his employment.

3. The Court has jurisdiction over this case under 28 U.S.C. § 1346(b)(1) because Plaintiff seeks money damages for injury or loss of property and for personal injury caused by the negligent or wrongful act or omission of an employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of New Mexico.

4. Venue is proper in this Court under 28 U.S.C. § 1402 because the acts and omissions complained of took place in Albuquerque, New Mexico, and the entire State of New Mexico constitutes one judicial district under 28 U.S.C. § 111.

1

5. An administrative claim for the claims set forth below was submitted to the United States Drug Enforcement Agency, which acknowledged receipt of the claim.

6. The agency did not make a final disposition of the claim within six months after it was presented, and the claim is therefore deemed to have been finally denied.

*Factual Allegations*

1. On or about March 30, 2023, Plaintiff was driving northbound on Broadway Boulevard SE in Albuquerque, New Mexico.

2. Soon after Plaintiff passed the intersection with Avenida Cesar Chavez, the car in front of her slowed down due to traffic and then came to a stop.

3. In response, Plaintiff also slowed down and came to a stop.

4. While her vehicle was stopped, a Chevy Silverado driven by a person who gave the name Kyle Coffey rear-ended her vehicle.

5. Plaintiff's vehicle collided with the car in front of her because of the force of the rear-end collision.

6. Mr. Coffey was an employee of the federal Drug Enforcement Agency acting within the scope of his employment.

7. Mr. Coffey told the investigating police officer that he had switched from the right lane to the left lane right before the impact.

8. Plaintiff's vehicle sustained heavy, disabling damage as a result of the collision.

9. The investigating police officer found that Mr. Coffey's driver inattention was a contributing factor in the crash.

10. The investigating police officer found that Plaintiff had made no driving errors that contributed to the crash.

### *Count I: Negligence*

11. Mr. Coffey negligently operated the motor vehicle that he was driving.

12. New Mexico law imposes a duty upon private persons to exercise reasonable care, including in the operation of motor vehicles.

13. Mr. Coffey breached that duty by, among other things, failing to keep a proper lookout, inattentive driving, and by failing to ascertain that a lane change could safely be completed before attempting the lane change.

14. In addition to constituting common law negligence, Mr. Coffey's conduct constitutes negligence *per se* under the standards set by New Mexico statutes, including, but not limited to, one or more of the following: NMSA 1978, Sections 66-7-317(A) (movement from lane); 66-7-301(B)(5) (speed to be controlled to avoid collision); 66-7-318(A) (following too closely); and 66-8-114 (careless driving).

15. Mr. Coffey's conduct also constitutes negligence *per se* in violation of the standards set by the City of Albuquerque Code, including, but not limited to, by one or more of the following code sections: 8-2-1-13 (careless driving); 8-2-1-21 (following too closely); 8-2-1-23 (failing to keep a proper lookout); 8-2-1-39 (movement from lane); 8-2-1-42 (keep vehicle in lane); 8-2-3-1 (obligation to stop vehicle if vehicle stopped ahead); and 8-2-4-5 (controlled speed).

16. As a direct and proximate result of this negligence, Plaintiff suffered damages as set forth below.

17. Mr. Coffey was acting within the course and scope of his employment at the time of the crash.

18. As a matter of New Mexico law, Mr. Coffey's employer is liable for his negligence under the doctrine of *respondeat superior*.

### *Damages*

19. The negligence described above proximately caused Plaintiff to suffer damages including past and future lost wages, past and future pain and suffering, loss of earning capacity, permanent impairment, loss of enjoyment of life (including loss of recreational activities), loss of household services, emotional distress, and past and future medical and non-medical expenses.

20. As a result of said injuries, Plaintiff has received and in the future will continue to receive medical and hospital care and treatment furnished by the United States of America. The plaintiff, for the sole use and benefit of the United States of America under the provisions of 42 U.S.C. 2651-2653, and with its express consent, asserts a claim for the value of said past and future care and treatment.

WHEREFORE Plaintiff respectfully requests that this Court award her damages, costs, pre-judgment interest, post-judgment interest and any such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Joseph Fine*
Joseph M. Fine
Charlotte L. Itoh
James Johnson
Fine Law Firm
220 Ninth Street NW
Albuquerque, NM 87102
Tel. (505) 243-4541
charlotte@thefinelawfirm.com
james@thefinelawfirm.com